UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, | ) |
| Plaintiff, | ) Case No. C05-2064-JLR-MJB |
| v. | ) |
| REED HOLTGEERTS, *et al.*, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

### INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's motion for preliminary injunctive relief. This motion was filed before defendants entered an appearance in this action. Thus, defendants were not served with a copy of the motion and have not had an opportunity to respond. As it does not appear that a response is necessary, this Court proceeds to disposition of plaintiff's motion for preliminary injunctive relief on the record as it now stands. This Court, having reviewed plaintiff's motion, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

### DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary injunction

REPORT AND RECOMMENDATION
PAGE - 1

must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Plaintiff appears to assert in his motion for injunctive relief that the agencies responsible for his criminal prosecution have slandered him in the media, thus making him fear for his life. Plaintiff does not provide any details regarding the alleged slander nor does he make clear what form he believes the injunction should take. He does, however, request that the Seattle Police Department be directed to release all of his property and to reimburse him for back rent. He also requests that the King County Prosecutor, the Seattle Police Department, and all Seattle area media outlets be directed to provide plaintiff with all of their files.

Plaintiff fails to establish that he is entitled to the relief he seeks. First, the entities against whom plaintiff appears to seek relief by way of the instant motion are not parties to this action at the present time. Thus, the Court has no jurisdiction to enjoin the conduct of those entities. In addition, plaintiff makes no showing that he will suffer irreparable harm absent court intervention. Plaintiff

asserts generally that he fears for his life, but he simply offers no facts demonstrating that he is in immediate danger of irreparable harm.

## CONCLUSION

For the reasons set forth above, this Court recommends that plaintiff's motion for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of June, 2006.

Monica J. Benton
United States Magistrate Judge