UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, | ) |
| Plaintiff, | ) CASE NO.   C05-2064-JLR-MJB |
| v. | ) |
| SCOTT O'TOOLE, *et al*., | ) ORDER RE: PENDING DISCOVERY |
| | ) MOTIONS AND PLAINTIFF'S MOTION |
| Defendants. | ) TO AMEND COMPLAINT |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on the following motions: (1) plaintiff's motions for discovery (Dkt. No. 33 and 38); (2) plaintiff's motions to compel discovery (Dkt. Nos. 49, 53 and 65); and, (3) plaintiff's motion for leave to amend (Dkt. No. 54)[1].

This Court, having reviewed plaintiff's motions, the King County defendants' responses thereto, and the balance of the record, does hereby ORDER as follows:

---

[1] Many of these motions raise issues related to both the King County defendants and to the lone City of Seattle defendant. This Order addresses the motions only as they pertain to the King County defendants. To the extent these motions involve the City of Seattle defendant, they have been addressed in a Report and Recommendation issued the same date as this Order.

ORDER RE: PENDING DISCOVERY
MOTIONS AND PLAINTIFF'S MOTION
TO AMEND COMPLAINT - 1

1    (1)    Plaintiff's motions for discovery (Dkt. Nos. 33 and 38) are STRICKEN.  These "motions" are, in fact, merely discovery requests directed to the defendants.  Discovery requests should not be filed with the Court, but should instead be sent directly to defendants.

    (2)    Plaintiff's first motion to compel discovery (Dkt. No. 49) is DENIED.  Plaintiff's first motion to compel arises out of his August 3, 2006, discovery requests.  Plaintiff requested therein that he be provided with all "files and complaints" made against defendants Burach, Eigo, Eltayeb, Ingersoll, and Pierson for "abuse" and for "excessive use of force."  Plaintiff also requested that he be provided with all complaints of abuse filed in the jail through the grievance or internal affairs process, any law suits involving physical abuse or violations of prisoners rights, disciplinary records of officers at the jail, and documents related to training methods for certain jail procedures.

In his first motion to compel, plaintiff seeks to compel the production of  "any and all grievances, complaints, investigations and suits" against defendants.  Plaintiff asserts that he requires information regarding "past misconduct" in order to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under FRE 404(b) and FRE 405.  Plaintiff also seeks to compel the production of "procedures" to "subdue or confront" certain types of individuals.

The King County defendants argue that they have properly responded to plaintiff's discovery requests and that the documents at issue here should be ruled non-discoverable.  More specifically, they argue that they should not be compelled to produce information and records relating to the defendants' disciplinary histories which are unrelated to plaintiff because such documents would not be admissible for the purposes cited by plaintiff.  Defendants further argue that disclosure of documents or information regarding defendants' disciplinary histories, other than those already provided to plaintiff, would be an invasion of the defendants' privacy.

ORDER RE: PENDING DISCOVERY
MOTIONS AND PLAINTIFF'S MOTION
TO AMEND COMPLAINT - 2

Defendants haves submitted for *in camera* review the documents which are apparently at issue at this juncture.

To the extent plaintiff seeks to compel the production of documents which will establish "past misconduct" on the part of defendants, including defendants' disciplinary histories or other institutional records related to these defendants, but which do not relate to plaintiff himself, plaintiff's motion to compel is denied. Generally, each party has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." *See* Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. This Court has reviewed the files submitted for *in camera* review and concludes that nothing in those files would be admissible under FRE 404(b) nor would the information contained therein be likely to lead to the discovery of admissible evidence.

To the extent plaintiff seeks to compel defendants to produce "procedures" to "'subdue or confront' certain types of individuals" his motion to compel is also denied. Plaintiff requested in his first set of discovery requests that defendants produce training materials pertaining to subduing hostile inmates. In their original response to that discovery request, defendants indicated that there are no materials specific to that request. It thus appears that defendants have already adequately responded to that request. Any additional materials which plaintiff may now seek to obtain are not properly pursued through a motion to compel.

(2)   Plaintiff's second motion to compel (Dkt. No. 53) is DENIED. Plaintiff's second motion to compel appears to arise out of his August 23, 2006, discovery requests. Plaintiff requested therein that he be provided with "any & all files, e-mails & inter-departmental records" concerning himself. In addition, plaintiff requested the names and addresses of inmates or witnesses in the area of incidents which occurred at the King County Jail on April 7, 2005,

ORDER RE: PENDING DISCOVERY
MOTIONS AND PLAINTIFF'S MOTION
TO AMEND COMPLAINT - 3

1  January 21, 2006, and March 11, 2006.  He also appeared to request the names and addresses of

2  any officers who responded to these incidents even if those officers were not identified in any

3  written report.

4       In his second motion to compel, plaintiff seeks to compel production of "court dockets &

5  reports of Internal Investigations Unit of the King County Jail & Sgt. Matthew Owens" related to

6  his complaint against jail staff arising out of an April 7, 2005, incident.  He also appears to once

7  again be seeking to compel production of documents related to defendants' disciplinary histories.

8  For the reasons set forth above, plaintiff's request to compel production of  defendants'

9  disciplinary histories or other institutional records related to these defendants, but which do not

10  relate to plaintiff himself, is denied.

11       To the extent plaintiff seeks to compel the production of Internal Investigation Unit files

12  and reports of Sgt. Matthew Owens related to the April 7, 2005, incident, plaintiff's motion to

13  compel is also denied.  It does not appear from the record that plaintiff previously requested these

14  documents and it is not appropriate to seek production of documents in the first instance by way

15  of a motion to compel.  Moreover, it is not clear that these documents are even in the care,

16  custody or control of the named defendants.

17       Finally, to the extent plaintiff seeks to compel production of the court docket for April 7,

18  2005, plaintiff's motion to compel is denied.  It appears from the record that defendants have

19  advised plaintiff that such record is not available.  (*See* Dkt. No. 65.)  The Court cannot compel

20  the production of documents which do not exist.

21       (3)    Plaintiff third motion to compel (Dkt No. 65) is STRICKEN.  The document

22  which was identified by court staff, and docketed, as a motion to compel is actually entitled

23  "Supplemental Pleading to Compel & Extension."  Plaintiff seeks, by way of this document, to

24  compel the production of certain documents and to obtain additional time to submit

25  ORDER RE: PENDING DISCOVERY
    MOTIONS AND PLAINTIFF'S MOTION
26  TO AMEND COMPLAINT - 4

interrogatories to defendants.  Defendants have not responded to this document, likely because it was not properly filed as a motion.  If plaintiff wishes for the Court to take action on the requests set forth in this document, he must file a proper motion.

The Court takes this opportunity to remind plaintiff that any motion filed with the court must include in the caption the date the motion is to be noted for consideration on the court's calendar.  *See* Local Rule CR 7(b).  Non-dispositive motions are properly noted for the third Friday after filing and service.  Local Rule CR7(d)(3).  None of plaintiff's recent motions included a noting date.  Plaintiff's pro se status does not relieve him of the obligation to follow the Court's rules.  Henceforth, any motion presented to the Court which does not include a noting date will be STRICKEN and will therefore receive no consideration.

(4)     Plaintiff's motion to amend his complaint (Dkt. No. 54) is DENIED.  Plaintiff, by way of his motion to amend, seeks to add as defendants in this action Sergeant Gau and Correctional Officer P. Chu.  He asserts in his motion that these individuals are "personally involved, or worked to cover up the incident & medical assistance."  Defendants oppose this motion on the grounds that plaintiff has failed to allege any facts demonstrating that either of these proposed new defendants personally participated in causing harm of constitutional dimension.  Defendants are correct that plaintiff's motion to amend contains insufficient facts to adequately allege a cause of action against either of these proposed new defendants.

The Court notes that plaintiff has now filed a supplement to his motion to amend in which he alleges additional facts in support of his request to add Correctional Officer P. Chu and Sergeant Gau.  Defendants have not filed any response to this supplemental pleading, likely because it was not presented to the Court as a motion.  However, even assuming plaintiff has identified sufficient facts to support his claims against these proposed defendants, plaintiff has not submitted for the Court's review any amended pleading setting forth those claims.  The Court

ORDER RE: PENDING DISCOVERY
MOTIONS AND PLAINTIFF'S MOTION
TO AMEND COMPLAINT - 5

1  will not entertain a motion to amend which is not accompanied by a proposed amended
2  complaint.

3  (5) At this juncture, discovery has been stayed pending resolution of the competency
4  issue in plaintiff's ongoing criminal proceedings. As discovery has been stayed, the Court deems
5  it appropriate to STRIKE all pending pretrial deadlines. Those deadlines will be re-set at a later
6  date. The parties are directed to provide the Court with a report regarding the status of plaintiff's
7  criminal proceedings not later than December 1, 2006. The parties should include in that report
8  their respective positions regarding how this matter should proceed in light of the pending
9  criminal proceedings.

10  (6) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants,
11  and to the Honorable James L. Robart.

12  DATED this 17th day of November, 2006.

MONICA J. BENTON
United States Magistrate Judge

ORDER RE: PENDING DISCOVERY
MOTIONS AND PLAINTIFF'S MOTION
TO AMEND COMPLAINT - 6