1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

CURTIS S. THOMPSON,

      Plaintiff,

    v.

SCOTT O'TOOLE, *et al.*,

      Defendants.

CASE NO.  C05-2064-JLR-MJB

SUPPLEMENTAL REPORT AND
RECOMMENDATION

16

17

18

19

20

21

22

      This is a civil rights action brought under 42 U.S.C. § 1983.  Among the allegations set forth by plaintiff in his amended complaint was that Seattle Police Officer Randall Higa used an excessive amount of force in arresting him.[1]  (*See* Dkt. No. 10 at 3.)  The amended complaint was ordered served on defendant Higa and others and, on September 15, 2006, after plaintiff had had an opportunity to conduct some discovery, defendant Higa filed a motion for summary judgment.  (Dkt. No. 43.)  Defendant Higa argued in his motion for summary judgment motion that his conduct did not violate any of plaintiff's constitutional rights.  (*Id.*)  He further argued that even if the Court were

23

24

25

    [1]  A detailed recitation of the facts relevant to plaintiff's claims against defendant Higa is set forth in this Court's original Report and Recommendation.  (*See* Dkt. No. 75 at 2-5.)

26

REPORT AND RECOMMENDATION
PAGE - 1

1   to determine that his conduct did violate plaintiff's constitutional rights, he reasonably believed his

2   conduct was lawful and, thus, that he was entitled to qualified immunity.  (Dkt. No. 43.)  Defendant

3   Higa's summary judgment motion was noted for consideration on October 20, 2006.  (*Id*.)

4         On October 2, 2006, plaintiff filed a document entitled "Motion Against Judgment."  (Dkt.

5   No. 55.)  This one page document was apparently intended as plaintiff's response to defendant

6   Higa's summary judgment motion.  Plaintiff asserted therein that he had documents in his possession

7   which showed that defendant Higa and his fellow officer, Jonathan Huber, used excessive and deadly

8   force against plaintiff.  (Dkt. No. 55.)  Plaintiff did not submit with his response any of the

9   documents he claimed to have in his possession relevant to his allegations against defendant Higa and

10  Officer Huber.  However, he did submit, in conjunction with his response, a motion to amend his

11  complaint to add Officer Huber to this action.  (Dkt. No. 54.)

12        On October 10, 2006, defendants filed a response in opposition to plaintiff's motion to amend

13  his complaint to add Officer Huber.  (Dkt. No. 60.)  And, on October 20, 2006, defendant Higa filed

14  a reply brief in support of his motion for summary judgment.  (Dkt. No. 66.)  Defendant Higa

15  correctly noted in his reply brief that plaintiff's one page response to the pending summary judgment

16  motion contained neither facts nor argument.  (*Id*.)

17        Over two weeks later, on November 6, 2006, plaintiff filed a document entitled "Evidence in

18  Support of Objection to Judgment."  (Dkt. No. 71.)  Plaintiff asserted therein that a number of

19  documents provided to him during discovery, which he submitted as attachments to his brief, clearly

20  established the following:

21       (1) I was "<u>away</u> from any officers or victims" & had to be "pointed out before" the
         officers seized me; (2) that I was "tackled from behind by officers & <u>no</u> threat" to

22       them; (3) that I never tried to "disarm them & this was added to cover up" Illegal
         Seizure; (4) that there is "video & photo's of Incident" (Including possible Police Car

23       Video).

24  (Dkt. No. 71 at 1.)  Plaintiff argued that, based upon the foregoing, he had established a material fact

25

26  REPORT AND RECOMMENDATION
    PAGE - 2

1   for a jury, and that summary judgment should therefore be denied.  (Dkt. No. 71 at 1.)

2        On November 9, 2006, defendant Higa submitted a sur-reply in which he requested that

3   plaintiff's supplemental evidence be stricken as untimely.  (Dkt. No. 72.)  Defendant also argued in

4   his sur-reply that the supplemental evidence submitted by plaintiff did not support plaintiff's

5   contention that there were issues of fact which prevented summary judgment.  (*Id*.)

6        On November 17, 2006, the undersigned issued a Report and Recommendation addressing

7   defendant Higa's motion for summary judgment, plaintiff's motion to amend his complaint to add

8   Officer Huber, and two motions to compel discovery filed by plaintiff.  (Dkt. No. 75.)  This Court

9   recommended therein that defendant Higa's motion for summary judgment be granted, and that

10  plaintiff's motions to amend his complaint and to compel discovery all be denied.  (*Id*.)  This Court

11  also expressly denied defendants' request to strike plaintiff's November 6, 2006, supplemental brief.

12  (*Id*. at 9.)

13       Plaintiff subsequently filed objections to this Court's Report and Recommendation, (*see* Dkt.

14  No. 76), and defendant Higa filed a response thereto (Dkt. No. 79).  On January 23, 2007, the

15  Honorable James L. Robart, United States District Judge, issued an Order adopting this Court's

16  recommendations with respect to plaintiff's motions to compel, but declining to adopt the

17  recommendations with respect to defendant Higa's motion for summary judgment and plaintiff's

18  motion to amend his complaint.  (*See* Dkt. No. 83.)  Judge Robart noted that plaintiff had raised new

19  factual allegations in his objections, including contentions that he was "'away from any victim or

20  officer' and had to be 'pointed out' and not 'resisting or fleeing' when I was 'tackled from behind

21  and struck in the head."  (*Id*. at 1-2.)  Judge Robart therefore returned the matter to this Court to

22  recommend a disposition in light of plaintiff's new factual allegations.  (*Id*.)

23       Following Judge Robart's remand, this Court granted the parties an opportunity to submit

24  supplemental briefing addressing the issues raised by Judge Robart in his January 23, 2007, Order.

25

26  REPORT AND RECOMMENDATION
    PAGE - 3

1   (Dkt. No. 84.)  Defendant Higa filed a supplemental brief on February 8, 2007, in which he argues

2   that plaintiff raised no new factual allegations in his objections to this Court's Report and

3   Recommendation, that each of plaintiff's allegations has been addressed by the parties in their briefs

4   and has been considered by the Court, and that this Court should once again conclude that defendant

5   Higa's actions were reasonable under the circumstances and therefore did not violated plaintiff's

6   constitutional rights.  (Dkt. No.85.)  Defendant Higa also argues in his supplemental brief that no

7   amendment should be permitted.  (*Id*.)

8        Plaintiff filed a supplemental brief on February 13, 2007.  (Dkt. No. 86.)  He argues therein

9   that the evidence clearly shows he was away from any officers or victims and that he had to be

10  pointed out by witnesses.  (*Id*. at 2.)  He further asserts that the evidence clearly shows that he was

11  tackled by officers and that there was never any struggle nor any threat to flee or resist.  (*Id*.)

12       This Court has now reviewed all of the parties' original motion papers again, its original

13  Report and Recommendation, and the supplemental briefs of the parties.  This review reveals that the

14  factual allegations set forth by plaintiff in his objections to this Court's original Report and

15  Recommendation, which are reiterated by plaintiff in his February 13, 2007, supplemental brief, are

16  essentially the same as the factual allegations which were presented by plaintiff in his November 6,

17  2006, supplemental brief.  In each of these three documents, plaintiff alleges that he was away from

18  the victims and had to be pointed out by the witnesses before the officers seized him, that he was

19  tackled from behind by officers, and that he was not resisting or fleeing.  The Court considered each

20  of these allegations in arriving at its conclusion that defendant Higa was entitled to summary

21  judgment.

22       This Court referenced those allegations in the following passage in it's original Report and

23  Recommendation:

24            Plaintiff, in his materials objecting to defendant Higa's summary judgment
             motion, appears to argue that he was not near the officers or victims and that he posed

25

26  REPORT AND RECOMMENDATION
    PAGE - 4

1
2
3

no threat to them.  He also offers witness statements, not provided by defendants, which he appears to believe demonstrate that he did not resist.  In fact, plaintiff's materials suggest, at most, that he posed no threat to officers before they attempted to apprehend him after they pursued him.  He offers no evidence to refute the officers' statements that he resisted their attempts to take him into custody.

4   (Dkt. No. 75 at 7-8.)

5        This Court now makes explicit what it intended to convey in the above passage; *i.e.*, that none

6   of the factual allegations set forth by plaintiff in his motion papers creates a genuine issue of material

7   fact sufficient to preclude entry of judgment in favor of defendant Higa.[2]  Plaintiff's allegations that

8   he was not fleeing or resisting at the time he was seized by the police are not supported by any

9   objective evidence in the record.  Plaintiff's subjective impression of events is not sufficient to create

10  a genuine issue of material fact for trial.  *See Angel v. Seattle-First Nat'l Bank,* 653 F.2d 1293, 1299

11  (9th Cir.1981) ("[a] motion for summary judgement cannot be defeated by mere conclusory

12  allegations unsupported by factual data").  Plaintiff's allegations that he was pointed out to the police

13  by witnesses before the officers seized him, and that police officers did pursue plaintiff and grab him

14  are, in fact, consistent with the objective evidence in the record.  However, these factual allegations

15  may not be viewed in isolation.

16       In rendering its decision on defendant Higa's summary judgment motion, the Court was

17  required to consider plaintiff's allegations in light of the record as a whole.  *See* Fed. R. Civ. P. 56(c)

18  (summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and

19  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

20  ───────────────

21      [2]  As explained by the Court in it's original Report and Recommendation, summary judgment is
22  appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there
    exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as
    a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the
23  pending action.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Genuine issues of
    material fact are those for which the evidence is such that "a reasonable jury could return a verdict for
24  the nonmoving party."  *Id*.  A mere scintilla of evidence is insufficient to create a factual dispute.  *See
    id* at 252.

25  REPORT AND RECOMMENDATION
26  PAGE - 5

1   material fact and that the moving party is entitled to judgment as a matter of law.")  As indicated by

2   this Court in its original Report and Recommendation, the objective evidence in the record, when

3   viewed in its entirety, demonstrates that defendant Higa's actions were reasonable under the

4   circumstances and that his conduct therefore did not violate plaintiff's constitutional rights.  The

5   record also demonstrates that Officer Huber's actions in effectuating plaintiff's arrest were

6   reasonable under the circumstances.  It would therefore serve no purpose to allow plaintiff to amend

7   his complaint to add Officer Huber as a defendant in this action.

8          For the foregoing reasons, this Court once again recommends that defendant Higa's motion

9   for summary judgment be granted, and that plaintiff's motion to amend his complaint to add Officer

10  Huber be denied.  A proposed order accompanies this Report and Recommendation.

11         DATED this 9th day of May, 2007.

12

13         _____

14         MONICA J. BENTON
           United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION
    PAGE - 6