UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, | CASE NO. C05-2064-JLR-MAT |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN |
| OFFICER BURACH, et al., | |
| Defendants. | |

This is a civil rights action brought under 42 U.S.C. § 1983. On October 23, 2008, the Court received from plaintiff a motion entitled "Motion to Reopen Case in Light of Newly Discovered Evidence." (Dkt. No. 109.) It appears that plaintiff, by way of this motion, is seeking to have King County Deputy Prosecuting Attorney Scott O'Toole reinstated as a defendant in this action. (*Id.*) Mr. O'Toole was previously dismissed from this action in May 2006 on the grounds that he was entitled to absolute immunity from liability for damages under § 1983. (*See* Dkt. No. 14.) Plaintiff now appears to argue that Mr. O'Toole is not entitled to immunity because he acted in concert with two Seattle police officers "when searching for evidence in an investigative capacity." (Dkt. No. 109.) Plaintiff relies on *KRL v. Moore*, 384 F.3d 1105 (9th Cir. 2004) to support his argument. In *KRL*, the Ninth Circuit discusses which of a prosecutor's functions are protected by absolute immunity and which are not. *See KRL*, 384 F.3d at 1110-1115.

ORDER DENYING PLAINTIFF'S
MOTION TO REOPEN
PAGE -1

01  The Supreme Court has made clear that determining whether a prosecutor is entitled to
02 immunity requires an examination of the nature of the function performed. *See Kalina v. Fletcher*,
03 522 U.S. 118, 127 (1997). Prosecutors are protected by absolute immunity when they perform
04 the traditional functions of an advocate. *Id*. at 125. However prosecutors are protected only by
05 qualified immunity, rather than absolute immunity, when they perform administrative or
06 investigatory functions. *Id*. at 126. Thus, while Mr. O'Toole would not be entitled to absolute
07 immunity if he were, as plaintiff contends, engaged in a police investigatory function, plaintiff
08 offers no factual basis for his conclusory allegation that Mr. O'Toole was so engaged.

09  Moreover, as plaintiff was previously advised, the mechanism for adding defendants to this
10 lawsuit is to file a motion to amend, which is accompanied by both a proposed amended complaint
11 and proof that all documents have been served on counsel for defendants. Plaintiff's motion to
12 reopen does not satisfy these requirements.

13  Based on the foregoing, this Court does hereby ORDER as follows:

14  (1) Plaintiff's motion to reopen this case in light of newly discovered evidence (Dkt.
15 No. 109) is DENIED.

16  (2) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and
17 to the Honorable James L. Robart.

18  DATED this 1st day of December, 2008.

_/s/ Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge