UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CURTIS S. THOMPSON, | ) | CASE NO. C05-2064-JLR-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER CONTINUING STAY AND |
| | ) | STRIKING PENDING MOTIONS |
| OFFICER BURACH, et al., | ) | |
| | ) | |
| Defendans. | ) | |
| | ) | |

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff is currently confined at the Washington Corrections Center ("WCC") in Shelton, Washington where he is awaiting transfer to his designated facility within the Washington Department of Corrections. On September 15, 2009, this Court issued an Order staying the instant action pending plaintiff's transfer to his designated facility. (Dkt. 136.) In that Order, the parties were advised that the stay would remain in effect for no more than 60 days, and that this Court would recommend the instant action be dismissed for failure to prosecute if plaintiff failed to provide the Court and defendants' counsel with a current address within that time period. Plaintiff failed to communicate with the Court in any fashion following the issuance of that Order and, thus, on

ORDER CONTINUING STAY
AND STRIKING PENDING MOTIONS
PAGE -1

December 7, 2009, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Dkt. 137.)

On February 10, 2010, plaintiff filed a response to the Order to Show Cause in which he argues that the case should not be dismissed and that the stay should remain in effect. (Dkt. 140 at 1.) Plaintiff states in his response that he "may not" have received the Order advising him the stay would remain in effect for only 60 days, and that he was under the impression the stay would remain in effect until he arrived at his designated facility.[1] (*Id.*) According to plaintiff, he is still classified as being "in transit." Plaintiff further states in his response that he does not currently have access to his legal files because he is being housed in Intensive Management Unit. (Id.) Finally, plaintiff asserts that he notified defendants' counsel of his current address in August 2009, and that no party has been prejudiced by his failure to comply with this Court's September 15, 2009, Order. (*Id.*)

In conjunction with his response to the Order to Show Cause, plaintiff filed renewed motions to compel discovery and to appoint counsel. (*See id.* at 2.) Defendants oppose plaintiff's pending motions.

The Court, having reviewed plaintiff's response to the Order to Show Cause, plaintiff's pending motions, defendants' response to plaintiff's pending motions, and the balance of the record, does hereby ORDER as follows:

(1) The instant action will remain STAYED pending plaintiff's transfer to a

---

[1] Plaintiff has another action pending in this court which was stayed pending plaintiff's transfer to a permanent location within the Washington Department of Corrections and not for a specified number of days as was the instant action. (*See* CO-1065-JCC-JPD, Dkt. 35.)

ORDER CONTINUING STAY
AND STRIKING PENDING MOTIONS
PAGE -2

permanent location within the Washington Department of Corrections. The parties are directed to notify the Court within thirty days of plaintiff's arrival at his permanent location so that the stay may be lifted.

(2) Plaintiff's renewed motions to compel discovery and to appoint counsel (Dkt. 140) are STRICKEN. As this motion is currently stayed, plaintiff's motions are not properly before the Court at this time.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this 16th day of March, 2010.

Mary Alice Theiler
United States Magistrate Judge

ORDER CONTINUING STAY
AND STRIKING PENDING MOTIONS
PAGE -3