UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) CASE NO.  C05-2064-JLR-MAT |
| v. | ) |
| | ) |
| OFFICER BURACH, *et al.*, | ) ORDER RE: PLAINTIFF'S |
| | ) PENDING MOTIONS |
| Defendants. | ) |
| | ) |

This is a civil rights action filed under 42 U.S.C. § 1983.  Currently pending before the Court are plaintiff's motions to compel, to appoint counsel, to extend the discovery deadline, and to amend his complaint.  The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby ORDER as follows:

(1) Plaintiff's motion to compel discovery (Dkt. No. 153) is STRICKEN.  Plaintiff, by way of the instant motion, seeks to compel responses to his requests for production of documents.  The Court may consider a motion to compel discovery only when that motion is accompanied by a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  *See* Fed. R. Civ. P. 37(a)(1).  Plaintiff's motion was not accompanied by the requisite certification and, thus, the motion is not properly

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

before the Court.[1]

(2) Plaintiff's motion to appoint counsel (Dkt. No. 153) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel.

(3) Plaintiff's motion to extend the discovery deadline (Dkt. No. 153) is GRANTED. Plaintiff seeks a 60 day extension of the discovery deadline. Defendants do not oppose the requested extension. Accordingly, the discovery deadline is extended to ***January 24, 2011***, and the dispositive motion filing deadline is extended to ***February 24, 2011***.

(4) Plaintiff's motion to amend his complaint (Dkt. No. 155) is STRICKEN.

---

[1] Defendants, in their response to plaintiff's motion, indicated that the requested documents were in the process of being collected so that they could be turned over to plaintiff. It therefore appears that even absent the procedural defect, plaintiff's motion to compel would be moot.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

Plaintiff seeks to add a defendant to this action by way of the instant motion to amend. Plaintiff was previously advised that the Court would strike any motion to amend which was not accompanied by a proposed amended complaint. (*See* Dkt. No. 108.) While plaintiff attached to his motion a one page document which he identifies as a proposed amendment, the document identifies a single claim against a single defendant. An amended complaint operates as a complete substitute for, rather than a mere supplement to, a previous complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, an amended complaint must set forth every claim against every defendant in the action. Plaintiff may not add defendants one page at a time.

(5) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this 1st day of December, 2010.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3