# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON,<br><br>            Plaintiff,<br><br>   v.<br><br>SCOTT O'TOOLE,<br><br>            Defendant. | CASE NO. C05-2064 JLR<br><br>ORDER ON MOTION FOR RECUSAL |

This matter comes before the Court under Local General Rule 8(c). During the course of his bench trial before U.S. District Judge James L. Robart, Plaintiff moved for Judge Robart to recuse himself from the above-captioned matter. Judge Robart declined to recuse himself voluntarily and the matter was referred to the Chief Judge. Dkt. No. 177. Plaintiff's request is therefore ripe for review by this Court.

The standards for recusal are well known. Although a judge must recuse himself if a reasonable person would believe that he is unable to be impartial (Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993)), a litigant may not use the recusal process to

remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source (United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).

Reviewing the transcript of the proceedings in this matter before Judge Robart, it is unmistakeably clear that Plaintiff is seeking Judge Robart's removal because Plaintiff is displeased with his rulings on a number of matters: primarily, Judge Robart's decisions about the structure of the trial (particularly his placing of time limits on the parties' presentations), his sustaining of objections to Plaintiff's cross-examination of defense witnesses, and the denial of Plaintiff's repeated requests for appointed counsel. The risk that plaintiff is using allegations of bias to overturn the decisions of the court is therefore considerable: in effect, Plaintiff is seeking to remove Judge Robart from this case because of his performance while presiding over this matter. Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties, bias is almost never established simply because the judge issued adverse rulings.

In order to overcome this presumption, Plaintiff is required to show that facts outside the record drove decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Having reviewed the record as a whole, the Court finds that Judge Robart's procedural and evidentiary rulings are well within his discretion and are entirely reasonable based on the proceedings. If Plaintiff believes that Judge Robart's rulings were legally incorrect, that argument must be made on appeal rather than in a motion to recuse.

Plaintiff has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias. The Court finds that Judge Robart's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of December, 2011.

Marsha J. Pechman
Chief United States District Judge