# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CURTIS THOMPSON, | CASE NO. C05-2064JLR |
| Plaintiff, | ORDER |
| v. | |
| OFFICER BURACH, et al., | |
| Defendants. | |

Before the court are Plaintiff Curtis Thompson's motions for (1) an extension of time to file a notice of appeal and (2) an extension of time to file a motion for a new trial. (Mot. (Dkt. # 182).) Defendants have not filed an opposition to these motions. (*See generally* Dkt.) Having considered the motions and the relevant law, the court GRANTS Mr. Thompson's motions.

Mr. Thompson, as a *pro se* plaintiff, does not have access to the court's electronic docketing system and has been receiving all filings in this case via mail. On December 22, 2011, the court issued its Findings of Fact and Conclusions of Law and entered

ORDER - 1

judgment in favor of Defendants. (Dkt. ## 180, 181.) While these two orders of the court were posted onto the court's electronic docketing system that same day, they were not mailed to Mr. Thompson.[1] Mr. Thompson filed his present motions on January 25, 2012, stating that he had "not received any notice of any further action" in the case after the date of his trial, which was November 16, 2011. (Mot. at 1.) On January, 25, 2012, upon receipt of Mr. Thompson's motions, the court mailed Mr. Thompson both the Findings of Fact and Conclusions of Law and the final judgment. (Dkt. # 181.)

First, with respect to Mr. Thompson's motion for an extension of time to file a notice of appeal, Federal Rule of Appellate Procedure 4 provides that "a notice of appeal must be filed with the district clerk within 30 days after judgment," but that the district court may extend the time to file a notice of appeal if the party seeking the extension "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(1)(A), 4(a)(5)(A)(ii). Here, Mr. Thompson did not receive the court's judgment in this case until more than a month after the court issued its judgment, and therefore was unable to file any notice of appeal within the proscribed 30 days for doing so. Because Mr. Thompson's delay in filing any notice of appeal was outside of his control, the court finds that Mr. Thompson has shown good cause for an extension of time to file a notice of appeal. Mr. Thompson will be given 30 days from the date of this order to file a notice of appeal.

Second, Mr. Thompson's motion for an extension of time to move for a new trial is governed by Federal Rule of Civil Procedure 59, which provides that such a motion

---

[1] The Clerk's Office inadvertently failed to mail Mr. Thompson the court's Findings of Fact and Conclusions of Law, as well as the court's final judgment, in this matter.

must be filed within 28 days after entry of the judgment. Fed. R. Civ. P. 59(d).

Typically, the district court may not extend the time to file a motion for a new trial. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(b) [and] (d) . . . ."). This rule, however, is not inflexible and cases have carved out an exception where extenuating circumstances may provide relief from the 28-day limitation[2] for the filing of a Rule 59 motion. See *Thompson v. INS*, 375 U.S. 384, 386-87 (1964); *Eady v. Foerder*, 381 F.2d 980, 981 (7th Cir. 1967); *Fairway Center Corp. v. UIP Corp.*, 491 F.2d 1092, 1093-94 (8th Cir. 1974); *Parisie v. Greer*, 685 F.2d 1016, 1018 (7th Cir. 1982) (permitting untimely motion to reconsider due to reasonable failure to timely file motion by *pro se* litigant). Here, ample extenuating circumstances exist. The court finds that for the same reasons that good cause exists to extend time to file a notice of appeal, it would be inequitable and unjust to deny Mr. Thompson an opportunity to move for a new trial because of a technical failure by the court. Mr. Thompson's will be given 28 days from the date of this order to file a motion for a new trial.

\\
\\
\\
\\
\\
\\

---

[2] The Federal Rules of Civil Procedure were amended in 2009 to increase the time to move for a new trial from 10 days to 28 days.

In sum, the court GRANTS Mr. Thompson's motions (Dkt. # 182) for an extension of time to file a notice of appeal and for an extension of time to move for a new trial. Any notice of appeal shall be filed no later than March 8, 2012, and any motion for a new trial shall be filed no later than March 6, 2012.

Dated this 7th day of February, 2012.

The Honorable James L. Robart
U.S. District Court Judge